Dear Mr. Howell:
You state that you currently serve as an elected member of the Assumption Parish School Board. You ask this office to advise if you may hold full-time state employment with Nicholls State University in the position of Executive Vice President while at the same time serving as school board member.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61 et seq., govern our response to your question. Therein, La.R.S. 42:63 sets forth those public offices and employments which may not be held together. A school board member holds elective office as defined by La.R.S. 42:62(1)[1], while an employee of Nicholls State University[2] holds employment in the executive branch of state government as defined by La.R.S. 42:62(6).[3]
La.R.S. 42:63(D) provides that "no person holding an elective office in a political subdivision of this state shall at the same time hold . . . employment in the government of this state . . ." While La.R.S. 42:63(D) prohibits an individual from holding state employment while serving as a school board member, there is an *Page 2 
exemption in the law permitting one who is employed in aprofessional educational capacity to also hold an elective office. La.R.S. 42:66(B) provides:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
There is no statutory definition of the phrase professionaleducational capacity found within the dual officeholding provisions. However, this office has previously determined that If an individual is required to teach, such requirement automatically places him within the framework of a professional educator. See La. Atty. Gen. Op. 97-131.
You have provided this office with a copy of your job description as Executive Vice President.[4] Your job description does not contain a requirement that you teach, and in the absence of a job requirement to teach a class per school year, we must review your job description for other factors in order to determine whether you may be considered as employed in a professional educational capacity. It has been the opinion of this office that factors reflected in an individual's job description which are indicative of an individual performing in a professional educational capacity include duties which affect the curriculum *Page 3 
taught at the University, duties which require participation in the delivery of educational programs at the University, and duties which require the planning of long and short range educational goals for the students of the University. See La. Atty. Gen. Ops. 03-0197, 02-0293, 02-0307, 02-0076, 94-393, 95-113.
Among the many responsibilities of your office, you serve as the chief administrative officer responsible for Research and Sponsored Programs, you serve on the President's Executive Committee and Cabinet, and you serve as ex-officio member of the Academic Council. In La. Atty. Gen. Op. 82-666, this office advised the President of Nicholls State University that "a college president . . . certainly is employed in a `professional educational capacity' in an educational institution," which we find of particular significance here, because you are also required to assume the responsibilities of the President in his absence. Here, in the opinion of this office, the common element shared by these particular job duties is each is related to or directly affects the curriculum or educational programs offered by the University.
Based upon the foregoing description of your employment responsibilities, it is the opinion of this office that you may be considered to be employed in a professional educational capacity at the University. For this reason, the exemption of La.R.S. 42:66(B) applicable to you, and we advise that you may serve as an elected member of the Assumption Parish School Board while at the same time holding full-time state employment at Nicholls State University as Executive Vice-President.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL,
 BY:___________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:62(1) provides:
(1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
[2] Under La.R.S. 17:3217(4), the University of Louisiana system is composed of the institutions under the supervision and management of the Board of Trustees for State Colleges and Universities, including Nicholls State University at Thibodaux.
[3] La.R.S. 42:62(6) provides, in part:
(6) The executive branch of state government includes . . . employees . . . [of] . . . the Board of Trustees for State Colleges and Universities . . .
[4] The Executive Vice President's job description reads, in its entirety:
The Executive Vice President serves as the principal associate of the President, assists the President in performing duties of the Office of the President, serves as the chief administrative officer responsible for the areas of Finance, Budget, Institutional Planning and Effectiveness, Research and Sponsored Programs, Computer Services, Academic Computing, Human Resources, and Facilities for the University. Assumes responsibilities of the President in his absence.
1. Serves on the President's Executive Committee and Cabinet.
2. Serves as ex-officio member of the Academic Council.
3. Serves an ex-officio member of the Strategic Planning Committee.
4. Serves actively on University, community, and statewide committees to represent the interests of the University.
5. Serves as ex-officio member of the Assessment Committee and the University Technology Advisory Committee.
6. Serves as Legislative Liaison for the University.
7. Serves as liaison between the University and outside technology initiatives.
8. Supervises the Director of Computer Services.
9. Supervises the Director of Academic Computing.
10. Supervises the Executive Director for Planning and Institutional Effectiveness.
11. Supervises the Associate Vice President for Finance and CFO.
12. Supervises the Director of Research and Sponsored Programs.
13. Supervises the Assistant Vice President for Facilities.
14. Supervises the Director of Human Resources.
15. Supervises the Director of Auxiliary Services.
16. Assumes other duties as assigned by the President.